UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>REAL PROPERTY LOCATED AT 3846 NISENAN LANE, WHEATLAND, CALIFORNIA, YUBA COUNTY, APN: 15-120-071, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,<br><br>　　　　Defendant.<br>　　　　　　　　　　　　　　　　　／ | NO. CIV. 06-1383 WBS DAD<br><br>MEMORANDUM AND ORDER RE: MOTION FOR SUMMARY JUDGMENT |

----oo0oo----

Pursuant 21 U.S.C. § 881, plaintiff United States of America ("Government") initiated this action for forfeiture of real property located at 3846 Nisenan Lane in Wheatland, California ("defendant property"). Claimant Minerva Campos filed a verified claim of interest, alleging that she owns defendant property in fee simple. (Docket No. 18.) The Government now moves for summary judgment and final judgment of forfeiture.

I.   Factual and Procedural Background

On March 24, 2006, law enforcement officers from

1

several federal and state agencies conducted a search of the defendant property pursuant to a state search warrant ("March 2006 search").[1] (Pl.'s App'x Ex. D ("Nelson Decl.") ¶ 4.) During that search, law enforcement officers found and seized 465 marijuana plants of various sizes, 524 pounds of processed marijuana in heat-sealed food bags, and sixteen pounds of marijuana seeds. (Id. ¶ 5.) In one of the bedrooms of the house on the defendant property, officers also discovered "a marijuana growing and processing room," in which the windows had been covered in black plastic and fluorescent grow lights and a fan had been installed. (Id. ¶ 6.) The search produced other evidence of drug sales, including pay/owe sheets, a triple beam scale, a Food Saver heat sealer, heat-sealable plastic bags, and over $1000 in U.S. currency. (Id.) A loaded .12 gauge shotgun and .9mm handgun, an unloaded .22 rifle, and various rounds of ammunition were also found during the search. (Id. ¶ 5.)

The evidence seized during the March 2006 search formed the basis of an indictment filed against claimant and Onofre Soto Zuniga--who both resided at the defendant property with their six children (id.)--on April 20, 2006. (See Pl.'s App'x Ex. B.)[2] In

---

[1] The search was conducted by members of the Twin Cities Special Weapons and Tactics unit, agents of the Drug Enforcement Administration, and agents from the Yuba-Sutter Narcotic Enforcement Team. (Nelson Decl. ¶ 4.)

[2] The court takes judicial notice of the filings and proceedings in the criminal action filed in this court against claimant and Zuniga, including parts of the record over which the parties have not specifically requested the court take judicial notice. See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (taking judicial notice of briefs and a hearing transcript from a related case in another court); Fed. R. Evid. 201(c) ("A court may take judicial notice, whether

the criminal action captioned <u>United States v. Onofre Soto Zuniga and Minerva Campos</u>, No. CR. 06-170 WBS, over which the undersigned judge presided, claimant and Zuniga were indicted for manufacturing marijuana plants, 21 U.S.C. § 841(a)(1); possessing a mixture containing a detectable amount of marijuana, 21 U.S.C. § 841(a)(1); and carrying and possessing a shotgun and semi-automatic pistol in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1).  (<u>Id.</u>)  Zuniga pled guilty to possession with the intent to distribute at least 100 kilograms of a mixture or substance containing a detectable amount of marijuana and possessing a firearm in furtherance of a drug trafficking offense.  (<u>See</u> Pl.'s App'x Ex. E.)  On April 28, 2008, claimant pled guilty to one count of misprison of a felony, 18 U.S.C. § 4, for having knowledge of and concealing the commission of a felony--namely, the possession of at least 100 kilograms of marijuana with the intent to distribute.  (<u>Id.</u> Ex. F at 2:19-20; Information (Docket No. 91), <u>United States v. Onofre Soto Zuniga & Minerva Campos</u>, No. CR. 06-170 WBS, at 1:23-25.)

    While claimant's criminal case was pending, the Government filed the instant action for civil forfeiture on June 22, 2006.  Claimant filed a verified claim of interest on September 18, 2006, asserting that she owns the defendant property, a fact not disputed. (<u>See</u> Docket No. 18; Pl.'s Br. Supp. Summ. J. 2:19-20.)  This action was then stayed pursuant to 18 U.S.C. § 981(g)(1)-(2) for the duration of claimant's criminal case.  (Docket No. 16.)

---

requested or not.").

Following claimant's conviction in that case, the Government filed the instant motion for summary judgment on June 26, 2009, pursuant to Federal Rule of Civil Procedure 56. Claimant did not file an opposition or a statement of non-opposition to the Government's motion, as required by this court's Local Rules. See E.D. Cal. L.R. 78-230(c). Accordingly, at the hearing held on the instant motion on August 17, 2009, even if claimant's attorney had made an appearance, which he did not, he would not have been entitled to be heard in opposition to the motion.[3] See id.

## II. Discussion

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A material fact is one that could affect the outcome of the suit, and a genuine issue is one that could permit a reasonable jury to enter a verdict in the non-moving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. Id. at 256. When the moving party bears the

---

[3] Claimant's attorney, Brendan Hallinan, filed a motion to withdraw as counsel nearly three weeks after the Government moved for summary judgment. (See Docket No. 21.) Despite the motion to withdraw, Hallinan continued to serve as claimant's counsel of record and had an ongoing obligation to perform his duties until the court ruled on his motion. E.D. Cal. Local Rule 83-182(d) ("The authority and duty of the attorney of record shall continue until relieved by order of the Court . . . ."). In that capacity, counsel neither responded the Government's motion for summary judgment nor requested a continuance.

burden of proof at trial, "'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'" Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 987 (9th Cir. 2006) (quoting C.A.R. Transp. Brokerage Co., Inc. v. Darden Rests., Inc., 213 F.3d 474, 480 (9th Cir. 2000)).

Once the moving party carries its initial burden, the nonmoving party "may not rely merely on allegations or denials in its own pleading," but must go beyond the pleadings and, "by affidavits or as otherwise provided in [Rule 56,] set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e); accord Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Valandingham v. Bojorquez, 866 F.2d 1135, 1137 (9th Cir. 1989). On those issues for which it will bear the ultimate burden of persuasion at trial, the nonmoving party "must produce evidence to support its claim or defense." Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc., 210 F.3d 1099, 1103 (9th Cir. 2000).

In its inquiry, the court must view any inferences drawn from the underlying facts in the light most favorable to the nonmoving party. Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The court also may not engage in credibility determinations or weigh the evidence, for these are jury functions. Anderson, 477 U.S. at 255.

A.  Forfeiture

Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), in a forfeiture proceeding brought under any civil forfeiture statute, the government must prove by a preponderance

5

of the evidence that the property in question is subject to forfeiture. 18 U.S.C. § 983(c)(1); accord United States v. 5208 Los Franciscos Way, 385 F.3d 1187, 1193 (9th Cir. 2004). Further, "if the Government's theory of forfeiture is that the property was used to commit or facilitate the commission of a criminal offense, or was involved in the commission of a criminal offense, the Government shall establish that there was a substantial connection between the property and the offense." 18 U.S.C. § 983(c)(3).

Here, the Government contends that the defendant property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(7), which subjects to forfeiture "[a]ll real property . . . which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment." Based on the marijuana stored on the defendant property, Zuniga was convicted under § 841(a)(1) for possession with the intent to distribute at least 100 kilograms of marijuana--a crime punishable by more than a year of imprisonment. See 21 U.S.C. § 841(b)(1)(B). The evidence therefore shows that the defendant property was subject to forfeiture under the broad terms of § 881(a)(7). See, e.g., United States v. Real Property Located in Merced County, No. 03-6613, 2008 WL 706599, at *5 (E.D. Cal. Mar. 14, 2008) (Snyder, M.J.) (finding that § 881(a)(7) was satisfied based on the use of the property to store and distribute three pounds of methamphetamine and marijuana). See generally United States v. 6250 Ledge Road, 943 F.2d 721, 725 (7th Cir. 1991) (noting that, under § 881(a)(7), the government need "only

6

demonstrate that the nexus [between the property and the drug offense] is more than incidental or fortuitous"), <u>cited with approval in</u> <u>United States v. 6380 Little Canyon Road</u>, 59 F.3d 974, 985 n.11 (9th Cir. 1995), <u>abrogation on other grounds recognized by</u> <u>United States v. $273,969.04 U.S. Currency</u>, 164 F.3d 462, 466 n.3.

   With regard to the required connection between the defendant property and the underlying offense, the evidence shows that a considerable amount of live marijuana plants (465) and processed marijuana (524 pounds), in addition to other indicia of drug sales, was seized from the defendant property.  Further, claimant stated during the plea colloquy in her criminal trial that the marijuana had been stored and grown on the premises for approximately three months before the March 2006 search.  (Plea Hearing Tr. (Docket No. 102), <u>United States v. Onofre Soto Zuniga & Minerva Campos</u>, No. CR. 06-170 WBS, at 45:1-8.)  This undisputed evidence establishes a substantial connection between the property and the underlying drug offense.  <u>See</u> <u>United States v. 6 Fox Street</u>, 480 F.3d 38, 43 (1st Cir. 2007) (holding that the seizure of twenty seven-pound bricks of marijuana from a parcel of real property "offers ample proof that the connection between the property and drug trafficking was indeed substantial"); <u>United States v. 4338 Snyder Lane</u>, No. 03-2245, 2004 WL 1811152, at *2 (N.D. Cal. Aug. 12, 2004) (finding that evidence of active marijuana cultivation and marijuana packaged for sale established a substantial connection between real property and a drug offense); <u>cf.</u> <u>United States v. 3234 Washington Ave.</u>, 480 F.3d 841, 846 (8th Cir. 2007) (holding that

1  the seizure of "a small quantity" (0.75 grams) of methamphetamine
2  was insufficient to establish a substantial connection).
3       Because the uncontroverted evidence demonstrates that
4  the defendant property is subject to forfeiture and was
5  substantially connected to the underlying drug offense, the
6  Government is entitled to judgment as a matter of law.
7       B.   Innocent Owner Defense
8       CAFRA provides that "[a]n innocent owner's interest in
9  property shall not be forfeited under any civil forfeiture
10 statute."  18 U.S.C. § 983(d)(1).  An "innocent owner" is one who
11 either "did not know of the conduct giving rise to forfeiture,"
12 or, upon learning of the conduct, "did all that reasonably could
13 be expected under the circumstances to terminate such use of the
14 property."  Id. § 983(d)(2)(A); see United States v. Section 18,
15 976 F.2d 515, 520 (9th Cir. 1992) (providing, in a pre-CAFRA
16 context, that "no property is forfeited [under § 881(a)(7)] if
17 the owner was without knowledge of the criminal activity or did
18 not consent").  Evidence of an owner's reasonable steps to
19 terminate the illegal use may include notifying law enforcement
20 authorities, revoking permission to use the property for those
21 engaging in the illegal conduct, or other reasonable actions to
22 prevent or discourage the illegal use.  18 U.S.C.
23 §983(d)(2)(B)(i).  A claimant bears the burden of proof on the
24 "innocent owner" defense.  Id. § 983(d)(1).
25       Here, claimant alleges in her verified Answer that she
26 "leased a portion of the subject premises" to others, and that
27 "[a]ny improper activity on the premises was beyond [her]
28 knowledge or control."  (Docket No. 15 at 1:24-27.)  The record,

8

however, provides no support for the contention that claimant lacked knowledge of any drug offenses on the defendant property. Indeed, given the quantity of both live and processed marijuana seized from claimant's residence--in addition to the existence of an entire room devoted to marijuana growing and processing--it is difficult to imagine how claimant could have been unaware of the presence of marijuana on the premises.

More importantly, during the plea colloquy in her criminal case, claimant expressly admitted that she knew that marijuana was being grown and stored on the defendant property. Specifically, in describing her knowledge of Zuniga's possession with the intent to distribute at least 100 kilograms of marijuana, she stated that she saw "many" live marijuana plants in the house taking up a space measuring six-feet-by-six-feet-by-two-feet and that an entire bedroom of the house was occupied by processed marijuana. (See Plea Hearing Tr. 41:18-42:23, 43:17-25.) Claimant further admitted that she knew that Zuniga intended to distribute the marijuana stored in the house to others. (Id. at 42:24-43:7.)

In light of claimant's express admissions during her plea colloquy, the mere assertion in her Answer that she lacked knowledge of any illegal activities on the defendant property, without more, is insufficient to create a genuine issue of material fact. See United States v. 1980 Red Ferrari, 827 F.2d 477, 480 (9th Cir. 1987) (finding that the claimant was not entitled to a trial on his "innocent owner" defense based on an unsupported claim of lack of knowledge when circumstantial evidence showed that he must have at least been on notice of the

9

connection between the property and illegal activity); see also Cal. Pro-Life Council, Inc. v. Randolph, 507 F.3d 1172, 1176 (9th Cir. 2007) (holding that a verified pleading that was "impermissibly heavy on legal conclusions and light on facts relevant to the summary judgment motion" did not qualify as an affidavit for summary judgment purposes and was insufficient to raise a genuine issue of fact); United States v. Davis, 428 F.3d 802, 811 (9th Cir. 2005) ("A [criminal] defendant's 'solemn declarations in open court [during a plea colloquy] carry a strong presumption of verity.'" (quoting United States v. Rubalcaba, 811 F.2d 491, 494 (9th Cir. 1987))).

Claimant's statements during her plea colloquy further demonstrate that she did not take reasonable steps to terminate the illegal use of the defendant property despite her knowledge. She stated that the marijuana had been on the property for approximately three months before the March 2006 and that she lived on the premises during that period. (Plea Hearing Tr. 45:1-8.) Nevertheless, she admitted that she did nothing during that time to report the presence of substantial quantities of marijuana to law enforcement. (Id. at 45:4-6.) Nor does the record suggest that she took any steps to deny Zuniga access to the defendant property or otherwise attempt to prevent the illegal use of the property.

Accordingly, in the absence of genuine issues of fact regarding claimant's knowledge that the defendant property was used to commit a drug offense and her failure to take reasonable steps to terminate that use, the Government is entitled to summary judgment in its favor on the "innocent owner" defense.

1    IT IS THEREFORE ORDERED that the motion for summary
2 judgment be, and the same hereby is, GRANTED.
3 DATED:  August 27, 2009

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

11