LAWRENCE G. BROWN
United States Attorney
KRISTIN S. DOOR, SBN 84307
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916)554-2723

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | 2:06-CV-01383-WBS-DAD |
| ) | |
| Plaintiff, ) | **FINAL JUDGMENT OF** |
| ) | **FORFEITURE** |
| v. ) | |
| ) | |
| REAL PROPERTY LOCATED 3846 ) | |
| NISENAN LANE, WHEATLAND, ) | |
| CALIFORNIA, YUBA COUNTY, ) | |
| APN: 15-120-071, INCLUDING ) | |
| ALL APPURTENANCES AND ) | |
| IMPROVEMENTS THERETO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

The Court finds as follows:

1. This is a civil forfeiture action against certain real property located at 3846 Nisenan Lane in Wheatland, California, Yuba County, Assessor's Parcel Number: 15-120-071 (hereafter "defendant real property"), legal description:

> Parcel 38, as shown upon Parcel Map No. 10.03, filed in the Office of the County Recorder of the County of Yuba, State of California, on March 26, 1982, in Book 36 of Maps, at Page 44.
>
> Excepting therefrom all oil, gas and other minerals underlying said land, but including the easement of Ingress and Egress for exploiting or removing said oil, gas and other minerals for a period as set forth in the Declaration

of Taking, recorded February 4, 1943 in Book 74 of Official Records, at Page 111, and the Declaration of Taking, recorded July 28, 1942 in Book 71 of Official Records, Page 15, Yuba County Records, lying within the boundaries of section 37 of the "Johnson Rancho," as shown upon the Official map thereof.

APN: 15-120-071

2.  A Verified Complaint for Forfeiture In Rem ("complaint") was filed on June 21, 2006, alleging that said real property is subject to forfeiture to the United States of America pursuant to 21 U.S.C. § 881(a)(7).

3.  On July 17, 2006, the defendant real property was posted with a copy of the complaint and notice of complaint.

4.  On or about June 22, 2006, Michael Edwards Sr. was personally served copies of the complaint, notice of complaint, application and order for publication, order setting status conference, summons, notice of availability of voluntary dispute resolution, notice of availability of magistrate judge and letter dated June 22, 2006.

5.  On June 22, 2006, the government sent copies of the above-listed documents and the lis pendens to Onofre Soto Zuniga's (hereafter "Zuniga") attorney Alexandra Paradis Negin by certified mail number 7004 1160 0007 0564 2157.  On June 30, 2006, the government sent copies of the above-listed documents to Zuniga's attorney, Terence Hallinan, by certified mail number 7004 1160 0007 0568 4003.  On or about July 24, 2006, the U.S. Marshals Service attempted to personally serve copies of the above-listed documents on Zuniga.  Copies of the documents were left in the mailbox at 3846 Nisenan Way, Wheatland, California.

6.  On June 22, 2006, the government sent copies of the

above-listed documents to Minerva Campos Edward's (hereafter "Campos") attorney Kevin McLean by certified mail number 7004 1160 0007 0564 2140.  On or about August 3, 2006, the U.S. Marshals Service personally served the above-listed documents on Campos.

7. On August 3, 10, 17, and 24, 2006, a Public Notice of Posting of the defendant real property appeared by publication in *The Appeal-Democrat*, a newspaper of general circulation in the county in which the defendant real property is located (Yuba County).  The Proof of Publication was filed with the Court on September 8, 2006.

8. Zuniga filed a Verified Claim of Interest or Right in Subject Property as the agent for Campos on August 29, 2006, but withdrew his claim on September 18, 2006. Campos filed an answer to the complaint on September 14, 2006, and a Verified Claim of Interest or Right in Subject Property on September 18, 2006, alleging that she is the legal owner of the defendant real property.

9. No other parties have filed claims or answers in this matter and the time for which any person or entity may file a claim and answer has expired.

10. Plaintiff United States moved for summary judgment regarding the claim submitted by Campos pursuant to Fed. R. Civ. P. 56(a).  By Memorandum and Order Re: Motion for Summary Judgment filed August 28, 2009, the Court granted plaintiff United States' motion for summary judgment against claimant Campos.  A copy of the  Memorandum and Order Re: Motion for Summary Judgment filed August 28, 2009, is attached hereto as

1  Exhibit A and incorporated by reference.
2       Based on the above findings, and the files and records of
3  the Court, it is hereby ORDERED AND ADJUDGED:
4       1.  A final judgment of forfeiture is hereby entered in
5  favor of plaintiff United States of America, and against the
6  defendant real property.  All right, title and interest in the
7  defendant real property, including the interest of Minerva Campos
8  Edwards, is hereby forfeited to the United States of America
9  pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to
10 law.
11      2.  Judgment is hereby entered against claimant Campos and
12 all other potential claimants who have not filed claims in this
13 action.
14      3.  The U.S. Marshals Service shall list the defendant real
15 property for sale.  The U.S. Marshals Service shall have sole
16 authority to select the means of sale, including sale by internet
17 or through a licensed real estate broker, and shall have sole
18 authority over the marketing and sale of the defendant real
19 property.
20      4.  The following costs, expenses and distributions shall be
21 paid in escrow from the gross sales price in the following
22 priority and to the extent funds are available:
23           (a)   The costs incurred by the U.S. Marshals Service to
24                 the date of close of escrow, including the cost of
25                 posting, service, advertising, and maintenance.
26           (b)   Any unpaid real property taxes, which shall
27                 be prorated as of the date of the entry of
28                 this Final Judgment of Forfeiture.

    (c) A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

    (d) The seller shall pay any county transfer taxes.

    (e) To the United States of America: the net proceeds from the sale of the real property. All right, title, and interest in said funds shall be substituted for the defendant real property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

  5. Any liens or encumbrances against the defendant real property that appear on record subsequent to the recording of plaintiff's *lis pendens* on June 23, 2006, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

  6. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

  7. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant real property.

  8. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents, and employees, are released from any and all liability arising out of or in any way connected with the posting, forfeiture, or sale of the defendant real property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting, forfeiture, or sale, as well as to those now known or

1  disclosed.

2     9.  Any and all of claimant Campos' personal possessions, and the personal possessions of any former occupant, not removed within 72 hours after the entry of this Final Judgment of Forfeiture, will be disposed of by the United States without further notice.

     10.  All parties are to bear their own costs and attorneys' fees.

     11.  Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS <u>4th</u> day of <u>September</u>, 2009.

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE